UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARLINDA RODRIGUES,

   Plaintiff,

v.

BANK OF AMERICA CORPORATION,

and

AETNA LIFE INSURANCE COMPANY,

   Defendants.
_____)

## COMPLAINT

The Plaintiff, ARLINDA RODRIGUES ("RODRIGUES"), by and through her undersigned counsel, hereby sues BANK OF AMERICA CORPORATION ("BOA") and AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. RODRIGUES brings this action to recover short-term disability ("STD") and long-term disability ("LTD") benefits due to her under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of the plans.

2. RODRIGUES was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. BOA is a corporation with its principal place of business in the State of North Carolina, authorized to transact and is transacting business in the Southern District of Florida.

4. AETNA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

5. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendants, BOA and AETNA, are authorized to and are doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

6. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to RODRIGUES.

7. RODRIGUES at all times material was an employee of BANK OF AMERICA CORPORATION ("BOA").

8. RODRIGUES was at all times material a plan participant under the Bank of America Corporation Short-Term Disability Group Plan (the "STD Policy"), as well as the Bank of America Corporation Long-Term Disability Group Policy, Group Policy No. GP-811383 (the "LTD Policy"), which were established by BOA and pursuant to which RODRIGUES is entitled to benefits. A copy of the LTD Policy has been attached hereto as Exhibit "A."

9. The Plans are employee welfare benefit plans within the meaning of Title 29, USC § 1002 and regulated by ERISA.

10. BOA is the insurer of benefits under the STD Policy and appointed AETNA to be the administrator of the policy and/or the named fiduciary for deciding claims for benefits under the STD Policy.

11. AETNA is the insurer of benefits under the LTD Policy and was appointed by the Plan's Administrator as the named fiduciary for deciding claims for benefits under the LTD

Policy and for deciding any appeals of denied claims.

12. As the decision maker and/or payer of the plans' benefits, AETNA administered the claims with a conflict of interest and the bias this created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

13. AETNA is the fiduciary charged with making benefit determinations under the Plans, including the determinations made on RODRIGUES's claims at issue.

14. Pursuant to the terms and conditions of the Plans, RODRIGUES is entitled to benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the Plans.

15. According to the STD Policy, "disabled is defined as inability to perform his or her essential occupation functions for more than seven consecutive calendar days because of a pregnancy, illness, injury, non-elective surgery or hospitalization."

16. According to the LTD Policy, disability is defined as follows:

**Test of Disability**
From the date that you first become disabled and until Monthly Benefits are payable for 18 months, you will be deemed to be disabled on any day if:

- you are not able to perform the **material duties** of your **own occupation** solely because of: **disease or injury**; and
- your work earnings are 80% or less of your **adjusted predisability earnings**.

After the first 18 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any **reasonable occupation** solely because of:

- disease; or
- injury.

If your **own occupation** requires a professional or occupational license or certification of any kind, you will not be deemed to be disabled solely because of the loss of that license or certification.

17. At all relevant times, RODRIGUES complied with all conditions precedent and exhausted all required administrative remedies under the Plans.

18. Since on or about August 12, 2015, RODRIGUES, because of a pregnancy, illness, injury, non-elective surgery or hospitalization, has been unable to perform her essential

3

occupation functions for more than seven consecutive calendar days.

19. Since on or about July 14, 2015, RODRIGUES has been not able to perform the material duties of her own occupation solely because of disease or injury, and her work earnings are 80% or less of her adjusted predisability earnings.

20. Since on or about August 12, 2015, RODRIGUES has been not able to work at any reasonable occupation solely because of disease or injury.

21. At all relevant times, RODRIGUES has been under the regular care of a physician.

22. At all relevant times, RODRIGUES was a Covered Person under the Plans.

23. Shortly after becoming disabled, RODRIGUES made a claim to AETNA under the STD Policy for disability benefits.

24. AETNA initially approved RODRIGUES's claim for STD benefits.

25. By letter dated February 4, 2016, AETNA terminated RODRIGUES's continued claim for short-term disability benefits and advised no benefits were payable effective February 4, 2016.

26. By letter dated February 4, 2016, AETNA informed RODRIGUES that her claim for long term disability benefits were denied and advised no benefits would be payable.

27. RODRIGUES timely and properly submitted an appeal of AETNA's denial letters.

28. By letter dated October 28, 2016, AETNA informed RODRIGUES that it was upholding its previous decision to deny her claim for continued STD benefits and informed RODRIGUES that her administrative remedies under the STD Policy had been exhausted.

29. By letter dated October 28, 2016, AETNA informed RODRIGUES that it was upholding its previous decision to deny her claim for LTD benefits and informed RODRIGUES that her administrative remedies under the LTD Policy had been exhausted.

30. From February 4, 2016 to the present date, RODRIGUES has not received benefits owed

to her under the STD Policy, despite RODRIGUES's right to these benefits.

31. From February 8, 2016 (when LTD benefits should have commenced) through the present date, RODRIGUES has not received benefits owed to her under the LTD policy, despite her rights to these benefits.

32. AETNA has refused to pay RODRIGUES's STD and LTD benefits.

33. At all relevant times, AETNA was the payer of benefits under the LTD Policy.

34. At all relevant times, AETNA was the "Insurance Company" identified throughout the Plans.

35. At all relevant times, AETNA was appointed by the Plans' Administrator as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

36. At all relevant times, RODRIGUES has been and remains Disabled and entitled to benefits from AETNA under the terms of the Plans.

37. RODRIGUES has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR SHORT TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

38. RODRIGUES incorporates Paragraphs 1 through 37 as if fully set forth herein.

39. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

40. Pursuant to 29 U.S.C. §1132(a)(1)(B), RODRIGUES, as a participant under the STD Policy, is entitled to sue for judicial determination and enforcement of benefits.

41. RODRIGUES has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA's failure to pay her short term disability benefits.

42. RODRIGUES has exhausted all administrative remedies under the STD Policy.

43. Defendant breached the STD Policy and violated ERISA in the following respects:

    (a) Failing to pay benefit payments to RODRIGUES at a time when AETNA knew, or should have known, that RODRIGUES was entitled to those benefits under the terms of the STD Policy, as RODRIGUES was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the STD Policy documents, in relation to the applicable facts and STD Policy provisions, for the termination of RODRIGUES's claim for benefits;

    (c) After RODRIGUES's claim was terminated in whole or in part, AETNA failed to adequately describe to RODRIGUES any additional material or information necessary for RODRIGUES to perfect her claim along with an explanation of why such material is or was necessary.

    (d) AETNA failed to properly and adequately investigate the merits of RODRIGUES's disability claim and failed to provide a full and fair review of RODRIGUES's claim.

44. RODRIGUES believes and thereon alleges that AETNA wrongfully terminated her claim for disability benefits under the STD Policy by other acts or omissions of which RODRIGUES is presently unaware, but which may be discovered in this future litigation and which RODRIGUES will immediately make AETNA aware of once said acts or

omissions are discovered by RODRIGUES.

45. Following the termination of benefits under the STD Policy, RODRIGUES exhausted all administrative remedies required under ERISA, and RODRIGUES has performed all duties and obligations on her part to be performed under the STD Policy.

46. As a proximate result of the aforementioned wrongful conduct of AETNA, RODRIGUES has damages for loss of disability benefits in a total sum to be shown at the time of trial.

47. As a further direct and proximate result of this improper determination regarding RODRIGUES's claim for benefits, RODRIGUES, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RODRIGUES is entitled to have such fees and costs paid by AETNA.

48. The wrongful conduct of AETNA has created uncertainty where none should exist, therefore, RODRIGUES is entitled to enforce her rights under the terms of the STD Policy and to clarify her right to past and future benefits under the terms of the STD Policy.

## REQUEST FOR RELIEF

WHEREFORE, ARLINDA RODRIGUES prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of short term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the STD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the STD Policy for so long as Plaintiff remains disabled under the terms of the STD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

### CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

49. RODRIGUES incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all times relevant, RODRIGUES was an employee or former employee of BANK OF AMERICA CORPORATION and a plan participant under the terms and conditions of the LTD Policy.

51. During the course of RODRIGUES'S employment, RODRIGUES became entitled to benefits under the terms and conditions of the LTD Policy. Specifically, while RODRIGUES was covered under the LTD Policy, RODRIGUES suffered a disability rendering her disabled as defined under the terms of the LTD Policy.

52. AETNA has determined RODRIGUES does not qualify for LTD benefits.

53. As AETNA had the sole discretion to determine entitlement to benefits under the LTD Policy, AETNA breached the LTD Policy and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to RODRIGUES at a time when AETNA knew, or should have known, that RODRIGUES was entitled to those benefits under the terms of the LTD Policy, as RODRIGUES was disabled and unable to work and therefore entitled to benefits.

   b. AETNA denied LTD benefits to RODRIGUES under the LTD Policy although

      RODRIGUES meets the terms and conditions of disability under the LTD Policy.

   c. After RODRIGUES'S claim was denied in whole or in part, AETNA failed to adequately describe to RODRIGUES any additional material or information necessary for RODRIGUES to perfect her claim along with an explanation of why such material is or was necessary.

   d. AETNA failed to properly and adequately investigate the merits of RODRIGUES'S disability claim and failed to provide a full and fair review of RODRIGUES'S claim.

54. RODRIGUES believes and thereon alleges that AETNA wrongfully denied her claim for LTD benefits under the LTD Policy by other acts or omissions of which RODRIGUES is presently unaware, but which may be discovered in this future litigation and which RODRIGUES will immediately make AETNA aware of once said acts or omissions are discovered by RODRIGUES.

55. As a proximate result of the aforementioned wrongful conduct of AETNA under the LTD Policy, RODRIGUES has damages for loss of disability benefits in a total sum to be shown at the time of trial.

56. As a further direct and proximate result of this improper determination regarding RODRIGUES'S claims for benefits, RODRIGUES, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RODRIGUES is entitled to have such fees and costs paid by AETNA.

57. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, RODRIGUES is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, ARLINDA RODRIGUES prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of LTD disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate instatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 6, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

/s/ *Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com